Mark L. Javitch (CA SBN 323729)
210 S Ellsworth Ave #486
San Mateo, CA 94401
Telephone: 650-781-8000
Facsimile: 650-648-0705
mark@javitchlawoffice.com
*Plaintiff/Attorney*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Mark L. Javitch,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ALANDO GROSSETT TAYLOR, an individual, d/b/a Locallistingssupport.biz<br><br>　　　　Defendant. | Case Number: 3:19-cv-03417<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

1.　Plaintiff Mark L. Javitch ("Plaintiff") brings this Complaint and Demand for Jury Trial against Defendant ALANDO GROSSETT TAYLOR (Defendant "Taylor"), to stop placing calls to Plaintiff's cellular telephone and to obtain redress as authorized by statute.

**NATURE OF THE ACTION**

2.　Defendant sells its services placing business listings on google and other search engines. As a part of marketing their products and services, Defendant and its agents placed

COMPLAINT                                                                                           CASE NO.: 3:19-cv-03417

Page 1

calls to Plaintiff's cell phone. When Plaintiff answered, Defendant played Plaintiff a prerecorded voice advertisement.

3. Unfortunately, Defendant did not obtain consent from Plaintiff prior to calling his cell phone hundreds of times, and Defendant is therefore liable for many common law torts and in violation of many statutes, including the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

4. Congress enacted the TCPA in 1991 to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

5. The TCPA targets unauthorized calls exactly like the ones alleged in this case, based on Defendant's use of technological equipment to send hundreds of advertisements to Plaintiff's cell phone without his consent.

6. By placing the calls at issue, Defendant has violated the privacy of Plaintiff and caused him to suffer damages that are actual and recognized by statute.

7. Plaintiff therefore seeks an injunction requiring Defendant to stop calling his cell phone, as well as an award of actual and statutory damages, civil penalties, costs and reasonable attorneys' fees.

**PARTIES**

8. Plaintiff Mark Javitch is a natural person and is a citizen of the Northern District of California.

9. Defendant Taylor is an individual residing in Palm Beach County, Florida doing business as Local Listings Support (locallistingssupport.biz).

## **JURISDICTION AND VENUE**

10. This Court has federal subject matter jurisdiction under 28 U.S.C. §1331, as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227, which is a federal statute.

11. This Court has personal jurisdiction over Defendant because it conducts business in this District and in the State of California and because the events giving rise to this lawsuit occurred in this District.

12. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendant regularly conducts business in the State of California and in this District, and because the wrongful conduct giving rise to this case occurred in this District.

## **FACTS**

13. On June 7, 2019, Plaintiff received a call from Defendant at 10:32 a.m. on his cell phone.

14. When Plaintiff answered the call, he heard a prerecorded voice message.

15. The prerecorded message prompted Plaintiff to "press one" to learn more.

16. Plaintiff pressed one and was then connected with a live telemarketing agent.

17. The agent offered to place a business listing on google.

18. Plaintiff discussed purchasing the business listing.

19. Defendant emailed Plaintiff an invoice stating "Local Listing Support" with their domain name listed as locallistingsupport.biz.

## FIRST CAUSE OF ACTION
Willful and/or Knowing Violation of 47 U.S.C. § 227
Telephone Consumer Protection Act of 1991

20. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

21. Defendant and/or its agents placed at least one telephone call to Plaintiff's cellular telephone.

22. Plaintiff never consented to receive calls from Defendant. Plaintiff has no relationship with Defendant.

23. Defendant's call was made for the purpose of marketing and advertising, constituting commercial advertising and telemarketing as contemplated by the TCPA.

24. Defendant played a prerecorded voice message to Plaintiff's cell phone as proscribed by 47 U.S.C. § 227(b)(1)(A)(iii).

25. As a result of its unlawful conduct, Defendant invaded Plaintiff's personal privacy, causing him to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling Plaintiff to recover $500 in civil penalties for each violation and an injunction requiring Defendant to stop its illegal calling.

26. Not only did Defendant make these violating calls, Defendant and/or its agents did so "knowingly" and/or "willfully" under 47 U.S.C. § 227(b)(3)(C).

27. If the court finds that Defendant willfully or knowingly violated this subsection, the court may exercise its discretion to increase the amount of the award from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

## SECOND CAUSE OF ACTION
Violation of California Do Not Call Law
Cal. Bus. & Prof. Code §17592

28. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

29. Cal. Bus & Prof. Code §17592(c)(1) prohibits telemarketers from calling California cell phones on the federal "Do Not Call" list and attempting to sell services.

COMPLAINT                                         CASE NO.: 3:19-cv-03417

Page 4

30. Plaintiff registered his cell phone number on the Federal Do Not Call List in February 2012.

31. Plaintiff has lived in California since 2013.

32. Therefore, Defendant has violated §17592(c)(1) by calling Plaintiff's cell phone

33. Plaintiff has a private right of action under §17204.

## THIRD CAUSE OF ACTION
Unfair Violation of California Unfair Competition Law
Cal. Bus. & Prof. Code §17200.

34. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

35. The unfair prong of California's Unfair Competition Law prohibits unfair business practices that either offend an established public policy or that are immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.

36. Defendant's call to Plaintiff offend California's public policy preference for California citizens to be free from harassment by telemarketers calling without their consent.

37. Defendant's automated call to Plaintiff without permission is a practice that is immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

38. The utility of Defendant's illegal calls from fake phone numbers is very low (as the calls are outlawed) and is vastly outweighed by the serious gravity of harm in the incursion on Plaintiff's privacy.

39. Plaintiff answered the phone based on Defendant's unfair business practices and has and continues to incur damages that are actual and recognized by statute.

40. Plaintiff is entitled to restitution or injunctive relief under this section.

## FOURTH CAUSE OF ACTION
Negligence

41. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

42. Defendant had a legal duty to use due care in their dealings with Plaintiff.

43. Defendant breached that duty by calling Plaintiff's cell phone hundreds of times in violation of state and federal statutes and causing liability for common law torts.

44. Defendant's breach was the proximate or legal cause of Plaintiff's injury.

45. Plaintiff has incurred and continues to incur damages that are actual and recognized by statute.

### FIFTH CAUSE OF ACTION
Unlawful Violation of California Unfair Competition Law
Cal. Bus. & Prof. Code §17200.

46. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

47. The unlawful prong of California Business and Professions Code §17200 prohibits any unlawful business practice.

48. Each of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii), Cal. Civ. Code §1770(a)(22)(A), Cal. Civ. Code §17592(c)(1), the unfair prong of Cal. Civ. Code §17200, and their negligence vis a vis Plaintiff as described herein all constitute separate and cumulative violations of §17200.

49. Plaintiff has and continues to incur damages that are actual and recognized by statute.

50. Plaintiff is authorized to pursue a private right of action against Defendant under §17204.

51. Plaintiff is also entitled to injunctive relief under this section.

### SIXTH CAUSE OF ACTION
Violation of Cal. Civ. Code §1770(a)(22)(A)
California Consumers Legal Remedies Act
(Injunctive Relief under §1780)

52. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

53. Cal. Civ. Code §1750, et seq., California's Consumer Legal Remedies Act, prohibits a specific list of 27 unfair business practices.

54. Cal. Civ. Code §1770(a)(22)(A) prohibits "[d]isseminating an unsolicited prerecorded message by telephone without an unrecorded, natural voice first informing the person answering the telephone of the name of the caller or the organization being represented, the address or the telephone number of the caller, and without first obtaining the consent of that person to listen to the prerecorded message."

55. By playing a prerecorded voice message to Plaintiff's cell phone hundreds of times without first asking for his consent with a natural voice, Defendant has violated Cal. Civ. Code §1770(a)(22)(A).

56. Consumers who suffer damage due to an unlawful business practice may bring an action to enjoin a corporation's unlawful business practices throughout the state on behalf of the general public.

57. Plaintiff is entitled to injunctive relief under Cal. Civ. Code §1780(a).

**PRAYER FOR RELIEF**

58. WHEREFORE, Plaintiff Mark Javitch prays for the following relief:

   a) An injunction requiring Defendant to cease all calls to Plaintiff;
   b) An order declaring that Defendant's actions, as set out above, violate the TCPA;
   c) An order declaring that Defendant's actions, as set out above, *knowingly* and *willfully* violate the TCPA;
   d) An order declaring that Defendant's actions, as set out above, violate California's Do Not Call Law §17592(c)(1);
   e) An order declaring that Defendant's actions, as set out above, violate the unfair prong of California's Unfair Competition Law §17200;
   f) An order declaring that Defendant's actions, as set out above, cause Defendant liability for negligence;

g) An order declaring that Defendant's actions, as set out above, violate the unlawful prong of California's Unfair Competition Law §17200;

h) An order declaring that Defendant's actions, as set out above, violate the California's Consumers Legal Remedies Act §1770(a)(22)(A);

i) An award of actual and/or statutory damages and civil penalties;

j) An award of reasonable attorneys' fees and costs; and

k) Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: June 14, 2019

               Respectfully submitted,

               MARK L. JAVITCH

               By: /s/ Mark L. Javitch       .

               Mark L. Javitch (SBN 323729)
               Mark L. Javitch, Attorney at Law
               210 S. Ellsworth Ave #486
               San Mateo CA 94401
               Tel: 402-301-5544
               Fax: 402-396-7131
               *Plaintiff/Attorney*